

versy.[1]  We therefore conclude that the cause no longer exists, Sears, Roebuck and Company v. Carpet, Linoleum, Soft Tile and Resilient Floor Covering Layers, Local Union No. 419, AFL–CIO, 1970, 397 U.S. 655, 90 S.Ct. 1299, 25 L.Ed.2d 637, reh. den. 399 U.S. 917, 90 S.Ct. 2190, 26 L.Ed.2d 576.

We, therefore, dismiss the appeal as moot, vacate the decision of the District Court, and direct that the case be dismissed so that the judgment will spawn no legal consequences.  See United States of America v. Knippers and Day Real Estate, Inc., 5 Cir., 1970, 425 F.2d 1081, and the cases there cited.

Vacated, remanded, with directions.

Richard L. Brown, Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., M. D. of Florida, Joseph W. Hatchett, Harvey E. Schlesinger, Asst. U. S. Attys., Jacksonville, Fla., for plaintiff-appellee.

Before WISDOM, BELL, and AINSWORTH, Circuit Judges.

PER CURIAM:

Affirmed.  See Local Rule 21.[2]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul Leonard SMITH, Defendant-Appellant.**

**No. 30465.**

United States Court of Appeals, Fifth Circuit.

April 16, 1971.

**A. J. BUMB, as Receiver of Highlander, Inc., a corporation doing business as Highlander Sanitarium, Debtor, Appellant,**

v.

**HOSPITAL SERVICE OF SOUTHERN CALIFORNIA, doing business as Blue Cross of Southern California, Secretary of Health, Education and Welfare, Appellees.**

**No. 24606.**

United States Court of Appeals, Ninth Circuit.

April 5, 1971.

1.  We further note the absence of any blemish on Logan, Jr.'s school record as shown by the copy of his transcript of grades attached to appellees' brief and represented to us to be a copy of the in-

formation furnished to Logan's new school at Beaumont.

2.  See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.